UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JAMES E. BLAU #214995,

    Plaintiff,                                           Case No. 2:18-CV-127

v.                                                     HON. GORDON J. QUIST

GERALD COVERT, et al.,

    Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION**

    This is a civil rights action brought by state prisoner, James E. Blau, pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants, Gerald Covert, Tiffany Haske, Joseph Damron, and Susan Wilson, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1] On March 5, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that the Court (1) grant Defendant Wilson's motion for summary judgment; (2) grant in part and deny in part the MDOC Defendants' motion for summary judgment; and (3) grant Defendant Wilson's motion to strike. (ECF No. 51.) Plaintiff has filed objections. (ECF No. 52.)

    Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent

---

[1] The Court will refer to Defendants Covert, Haske, and Damron as the MDOC Defendants.

portions of the record, the Court concludes that the R. & R. should be adopted with regard to the magistrate judge's recommendation that Defendant Wilson's motions be granted. The Court will reject the recommendation that the MDOC Defendants' motion for summary judgment be granted in part and denied in part. Specifically, the Court rejects the recommendation that Haske and Damron be granted summary judgment.

Plaintiff objects to the magistrate judge's ruling that he would not take judicial notice of three medical texts. Federal Rule of Evidence 201(b) authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." But, as Defendant Wilson points out in her response to Plaintiff's objections, Plaintiff did not request the Court to take judicial notice of only three medical texts. He asked the Court to take judicial notice of four specific facts, which are not fully supported by the medical texts. For example, although Plaintiff asserted "Angina is common and easily recognizable," (ECF No. 38 at PageID.408), one citied text provides "Angina is usually easy to recognize but there are times when it mimics other conditions . . . ." (ECF No. 38-3 at PageID.464.) Similarly, there is nothing in any of the medical text to support "all trained nurses and nurse practitioners would recognize [unstable angina]." (ECF No. 38 at PageID.408.) Accordingly, the magistrate judge was correct to conclude that these facts are "subject to reasonable dispute" and inconsistent with Federal Rule of Evidence 201(b).

Plaintiff objects to the magistrate judge's finding that Wilson was not deliberately indifferent to Plaintiff's medical needs. Having reviewed the record, the Court agrees with the magistrate judge's analysis. "An inmate's 'disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation.'" *Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) (quoting *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir.

2

2008)). Despite Plaintiff claiming the that he did not receive "any treatment at all," (ECF No. 52 at PageID.573), Wilson provided medical treatment—she ordered Plaintiff Zantac and an EKG. When the EKG test came back, Wilson ordered a stress test. Plaintiff now claims that the duplicate EKG and Zantac amount to grossly inadequate medical treatment. Yet, as the magistrate judge explained, three medical providers who had previously examined Plaintiff did not believe that Plaintiff was suffering from a cardiac problem. Zantac is used to treat acid reflux, which is a non-cardiac problem. Furthermore, although Plaintiff now argues that the second EKG was completely unnecessary, he also argued that Wilson was deliberately indifferent for not immediately conducting an EKG on the same day as his appointment. (ECF No. 38 at PageID.424.) Should Wilson have ordered the stress test earlier? Maybe. The ER doctor did recommend—not order—a stress test. But the ER doctor also wrote that his findings were "consistent with a noncardiac cause of chest pain." (ECF No. 30-2 at PageID.129.) As the magistrate judge concluded, "What [Plaintiff] has shown is a disagreement with a medical provider. [T]his is not enough to establish a genuine issue of material fact." (ECF No. 51 at PageID.557.)

Plaintiff objects to the magistrate judge's conclusion that Plaintiff did not exhaust his administrative remedies on the claims against Haske and Damron. As the magistrate judge stated, "the exhaustion analysis is complicated." (ECF No. 51 at PageID.557.) It is undisputed that Plaintiff failed to name Haske and Damron at any step of any grievance, which is required by the MDOC Grievance Policy. But "even where the grievance policy requires naming those involved, a grievance that sufficiently provides notice of the issue(s) and gives the prison administration a fair opportunity to address the problem will suffice." *Cary v. Washington*, No. 17-13217, 2018 WL 5117812, at *4 (E.D. Mich. July 31, 2018), *report and recommendation adopted* No. 17-CV-13217, 2018 WL 4501480 (E.D. Mich. Sept. 20, 2018) (collecting cases).

Having reviewed the relevant grievances, the Court finds that the grievances are sufficient. In Grievance URF-16-04-1386-12e3/28e, Plaintiff complained about his medical care and wrote that he had been seen by "four nurses." (ECF No. 30-4 at PageID.222.) Haske and Damron are nurses. The MDOC denied this grievance after reviewing Plaintiff's medical records. The denial noted Plaintiff's appointments on March 10, March 17, March 31, April 1, April 3, and April 12. (*Id.* at PageID.223.) Haske and Damron were the treating providers at some of those appointments. The MDOC did not reject the grievance because Plaintiff failed to name an individual. The same reasoning applies to the other grievances. The MDOC never rejected any grievance because Plaintiff did not name an individual at Step I.

It is true that several of the grievances were rejected at either Step I, Step II, or Step III. But, as the magistrate judge adequately explained, there are genuine issues of material fact as to whether each grievance was properly rejected and whether the grievance process was available to Plaintiff. Those genuine issues of material fact are the same for the claims against Haske and Damron.

The record establishes that the MDOC did not enforce its procedural rule requiring a grievant to identify the individual being grieved. More importantly, the MDOC had an opportunity to address Plaintiff's claims that Haske and Damron were providing inadequate medical care because (1) Plaintiff complained about his medical treatment by nurses, and (2) the MDOC reviewed Plaintiff's medical records at Step I and cited appointments where Haske and Damron treated Plaintiff. Thus, the Court rejects the portion of the R. & R. in which the magistrate judge found that Plaintiff did not show a genuine issue of fact as to whether Plaintiff properly exhausted his claims against Haske and Damron on the ground that he neglected to name them.

4

**Accordingly, IT IS HEREBY ORDERED** that the March 5, 2020, Report and Recommendation (ECF No. 51) is **adopted in part** and **rejected in part**. Plaintiff's Objections (ECF No. 52) are **sustained in part** and **overruled in part**.

**IT IS FURTHER ORDERED** that Defendant Wilson's motion for summary judgment (ECF No. 30) is **granted**. Therefore, Plaintiff's claims against Defendant Wilson are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 31) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Wilson's motion to strike (ECF No. 43) is **granted**.

Dated: September 17, 2020                           /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE